UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>DAVID WALLACE BAYS,<br>              Debtor.<br>_____<br>LINDA BAYS,<br>              Appellant,<br>v.<br>ANTHONY GRABICKI, Chapter 7 Trustee, et al.,<br>              Appellees. | No. CV-09-0385-LRS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

    **BEFORE THE COURT** is Appellant Linda Bays' "Motion For Reconsideration Of Order Of Dismissal And Motion To Extend Time For Filing Appeal" (Ct. Rec. 7).[1]

    28 U.S.C. §158(c)(2) provides that an appeal from the bankruptcy court to either the Bankruptcy Appellate Panel (BAP) or to the district court "shall be taken in the same manner as appeals in civil proceedings are generally taken to the courts of appeals from the district courts **and in the time provided by Rule 8002**

---

[1] The motion is not accompanied by a certificate of service indicating the motion was served upon counsel for Appellees.

**ORDER DENYING MOTION FOR RECONSIDERATION-**     **1**

**of the Bankruptcy Rules**." (Emphasis added). Appellant's appeal is untimely under Rule 8002 and it matters not that the appeal was sent to the BAP originally, rather than this court. Just like attorneys who practice before the bankruptcy court, it is the duty of those who litigate *pro se* in bankruptcy court to know the Bankruptcy Rules. This court is without authority to extend the time for filing of an appeal because Rule 8002(c)(1) confers such authority only upon the bankruptcy judge. In any event, Appellant would not qualify for such relief under Rule 8002(c)(2) because her motion for extension has been filed more than 21 days after the expiration of the time for filing a notice of appeal. The time for filing a notice of appeal regarding the bankruptcy court's September 8, 2009 decision expired on September 22, 2009 (14 days). 21 days thereafter would have been October 13, 2009.

Appellant is advised that if she wishes to appeal this court's December 31, 2009 "Order Of Dismissal" (Ct. Rec. 5) to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(1), she must file a Notice of Appeal with this court (the district court) within thirty (30) days from the date of this order denying her motion for reconsideration. See Fed. R. App. P. 4(a)(1)(A) and 4(a)(4)(A)(iv) (treating the motion for reconsideration as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59); *Matter of Topco, Inc.*, 894 F.2d 727, 735 (5th Cir. 1990)(28 U.S.C. Section 158(c) does not establish time limit for appeals to courts of appeals).

The "Motion For Reconsideration Of Order Of Dismissal And Motion To Extend Time For Filing Appeal" (Ct. Rec. 7) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies of it to the pro se appellant, to counsel of record for the appellees, and to the Clerk of the Court for United States Bankruptcy Court for
///

**ORDER DENYING MOTION
FOR RECONSIDERATION-        2**

the Eastern District of Washington in reference to Cause Nos. 01-05127-JAR7 and A03-00237-JAR. The District Court Executive shall close this file

**DATED** this ___15th___ day of January, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION-**     3